```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION
```

| | |
|---|---|
| **LATASHAR SUSANNE REYNOLDS,** | * |
| **Plaintiff,** | * |
| vs. | *  CIVIL ACTION 09-00599-KD-B |
| **MICHAEL J. ASTRUE,** Commissioner of Social Security, | * |
| **Defendant.** | * |

### REPORT AND RECOMMENDATION

This action, which is before the Court on Plaintiff Latashar Susanne Reynold's Motion for Leave to Appeal In Forma Pauperis on appeal (Doc. 32), was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b). Based upon a careful review of Plaintiff's Motion, and the case file, the undersigned finds that Plaintiff's appeal is not taken in good faith, and therefore recommends that Plaintiff's Motion be denied pursuant to 28 U.S.C. § 1915(a)(3).

Plaintiff, who is proceeding *pro se*, initiated this action on September 11, 2009 (Doc. 1) to seek judicial review of a final decision of the Commissioner of Social Security denying her claim for disability income benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., and 1381 et seq. Construing Plaintiff's Complaint liberally on account of her *pro se* status,

it was determined that Plaintiff was challenging both the Administrative Law Judge's decision denying benefits and the Appeals Council's decision denying review. In a Report and Recommendation issued on December 3, 2010, the undersigned recommended that the decision denying relief be affirmed because the additional evidence submitted to the Appeals Council would not have changed the administrative outcome, and the Administrative Law Judge's finding that Plaintiff is not disabled was supported by substantial evidence. (Doc. 25). Plaintiff filed an Objection to the Report and Recommendation, and requested that the "facts" and "truth" be uncovered. (Doc. 26). The Report and Recommendation was adopted by the District Court (Doc. 27) and Judgment was entered on December 20, 2011. (Doc. 28) Plaintiff filed a Notice of Appeal (Doc. 29); however, it does not include any grounds for relief[1].

*In Forma Pauperis* proceedings are governed by 28 U.S.C. § 1915. *In Forma Pauperis* status should be granted where the appellant is indigent unless "the trial court certifies in

---

[1] Fed.R.App.P.24(a)(1) provides:

Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that (A) shows in the detail prescribed by the Form 4 of the Appendix of Forms that the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(1),(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." Ghee v. Retailers Nat'l Bank, 271 Fed. Appx. 858, 860 (11th Cir. 2008)(citing Carrol v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)). In other words, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). When a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. Ghee, 271 Fed. Appx. at 859 (citing Cofield v. Alabama Pub. Serv. Comm'n, 936 F. 2d 512, 515 (11th Cir. 1991)).

In her Objection to the District Court, Plaintiff did not provide any arguable basis, legal or factual, for not adopting the Report and Recommendation. Likewise, in her Notice of Appeal, and In Forma Pauperis Motion, Plaintiff has not presented any argument which she intends to present on appeal. Because the record is devoid of anything which suggests that Plaintiff is seeking to raise on appeal an issue that is arguable, the undersigned finds that Plaintiff's appeal is not

taken in good faith.  Accordingly, the undersigned recommends that Plaintiff's Motion be denied and that the District Court certify that Plaintiff's appeal is not taken in good faith.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **27th** day of **January, 2011**.

                                    **/s/SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

**1. Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten[2] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[2]The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection**. Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72.

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                              ____/s/ SONJA F. BIVINS____  
                                                               **UNITED STATES MAGISTRATE JUDGE**